COASH, Respondent, v. BAILEY, Appellant.

(208 N. W. 402.)

(File No. 5295.   Opinion filed April 5, 1926.)

1.   Homestead—Liens—Pleadings — Complaint — Complaint to Have Judgment Declared Not a Lien on Homestead, Alleging Occupancy of Premises for 2 Years and Locating Premises Within State, Held Sufficient.

Complaint, in action to have judgment declared not a lien on homestead, alleging that plaintiff had occupied premises as homestead for preceding 2 years and locating premises within state, and alleging that plaintiff had no other homestead, held sufficient allegation of residence within state and of homestead in premises.

2.   Homestead—Judgments—Complaint to Declare Judgment Not a Lien on Homestead Alleging Mortgages of $10,000 and Total Value $12,800 Held to Show Equity Did Not Exceed $5,000.

Complaint in action to have judgment declared not lien on homestead alleging mortgages thereon of $10,000, and stating value $12,800, held sufficient to show that plaintiff's equity did not exceed $5,000.

3.   Homestead—Evidence—Presumptions—Complaint in Action to Declare Judgment Not a Lien on Homestead Held to Create No Presumption that Land Exceeded Governmental Quarter Section of 160 Acres.

In action to declare judgment not a lien on homestead, complaint alleging plaintiff to be owner of a quarter section held to create no presumption that land exceeded a governmental quarter section of 160 acres.

4.   Homestead—Complaint, in Action to Declare Judgment Not a Lien on Homestead, Need Not Allege that Premises Are Contiguous, Where It Is Alleged that It Was Homestead.

In action to declare judgment not a lien on homestead, where complaint definitely alleges that premises are homestead, question of whether contiguity of premises is alleged is immaterial.

Note.—See. Headnotes **(1)** and **(2)**, American Key-Numbered Digest, Homestead, Key-No. 213, 29 C. J. Sec. 453; **(3)** and **(4)**, Homestead, Key-No. 213, 29 C. J. Sec. 454.

Appeal from Circuit Court, Tripp County; HON. JOHN G BARTINE, Judge.

Action by Amelia Coash against George M. Bailey. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Doherty & Talbott,* of Winner, for Appellant.

*P. A. Hosford,* of Winner, for Respondent.

DILLON, J. This action was commenced in order to have a certain judgment, recovered by defendant, and docketed in the office of the clerk of the circuit court of Tripp county, S. D., adjudged not a lien upon the premises of the property of the plaintiff, which is located in the same county. Defendant demurred to the complaint of plaintiff on the ground that the facts stated were not sufficient to constitute a cause of action. The lower court overruled the demurrer, and appellant now appeals from such order.

In her complaint, respondent alleges:

"(1) That the plaintiff now is, and for 2 years and more last past has been, the owner and entitled to the exclusive possession of the southwest quarter of section 23, township 100, range 75, in Tripp county, S. D.

"(2) That the plaintiff is a widow woman, and for more than 2 years last past has occupied the above-described premises as her statutory homestead with her family. That the plaintiff and her said family have no other or different homestead in the state of South Dakota or elsewhere.

"(3) That for 2 years last past or thereabouts there have been of record against said premises a first mortgage for $4,000 and a second mortgage for $6,000, which are prior in right and equity to the lien and claim of the defendant hereinafter set forth.

"(4)    That on or about the 17th day of May, 1921, in an action in which the plaintiff was defendant, and this defendant was plaintiff, the said George M. Bailey, the defendant herein, did recover a judgment in the circuit court of Tripp county, S. D., for $1,031 debt and damages, and $9.30 costs, which said judgment was thereafter docketed in the office of the said court on the 17th day of May. 1922, and recorded in judgment record in the office of said clerk, in Book 2, on page 139.

"(5)    That the value of said lands and premises, now in dispute and hereinabove described, do not exceed in the aggregate the sum of $12,800, and plaintiff's equity in said premises so occupied as her statutory homestead above the mortgages which are prior in right and time to the claims of the defendant, do not exceed in the aggregate of $5,000.

"(6)    That the judgment of the defendant above described is not any lien against said premises, but, because of the same being of record, creates an apparent cloud upon the plaintiff's title, and prevents her from using and enjoying the ownership of said premises as long as said judgment is in its present condition.

"(7)    That the mortgages hereinabove referred to are becoming due, and one of them is past due, and it is necessary for the plaintiff, in order to continue to preserve her said homestead, to renew said mortgages. That, with the said judgment standing as an apparent cloud there against, plaintiff is unable to renew the said mortgages against her said homestead, for the reason that the mortgagee refuses to accept a mortgage as a renewal as long as defendant's said judgment stands as an apparent lien against the property.

"(8)    That prior to the commencement of this action plaintiff tendered to the defendant the sum of $1.25, and requested defendant to execute a quitclaim deed to said premises which he refused to do."

The appellant contends that:

"The complaint fails to state facts sufficient to constitute a cause of action, because it fails to show the land described therein is the homestead of plaintiff, in that it is not alleged that plaintiff or her family are residents of the state of South Dakota, nor does it allege facts showing the value of such homestead does not ex-

ceed $5,000, nor does it show plaintiff's judgment is not a first lien, and that the value of the equity over and above same is less than $5,000, nor does it show such land does not exceed 160 acres, that it is contiguous, and that there is not more than one dwelling house thereon, and the court erred in overruling the demurrer."

[1] The only conclusions to be drawn from the allegations of fact in paragraphs 1 and 2 of the complaint are that plaintiff is a resident of the state of South Dakota, and that the premises in dispute are her homestead. Appellant's first contention, therefore, must be held to be without merit.

Paragraph 3 of the complaint states that for "2 years past (or thereabouts)' two mortgages, one for $4,000 and one for $6,000, have been on record against said premises. There can therefore be no question that the two mortgages are prior in right and equity to the judgment which plaintiff recovered May 17, 1922.

[2] Paragraph 3 of the complaint clearly shows that the value of the homestead exceeds $5,000; else how could same me mortgaged to the amount of $10,000. Again, in paragraph 5 of the complaint, respondent definitely states that the value of the premises in dispute does not exceed $12,800, and that her equity does not exceed $5,000.

In paragraph 5 of the complaint it is alleged that the value of the premises does not exceed $12,800, and there are already two mortgages, totaling $10,000, against the premises. Appellant's contention that the complaint does not show respondent's equity to be less than $5,000 is therefore without merit.

[3, 4] From the description of the land as given in paragraph 1 of the complaint, there need be no presumption that the land did not exceed a government quarter section of 160 acres. The question as to whether it does not exceed 160 acres is a question that the respondent could not be expected to anticipate in her defense. The question of contiguity becomes immaterial, since plaintiff has already stated facts sufficient to prove that the premises in dispute were her homestead.

The order of the lower court overruling appellant's demurrer is affirmed.

GATES, P. J.  I agree that the demurrer to the complaint was properly overruled, in so far as concerns the questions argued in the briefs and disposed of in the foregoing opinion.

POLLEY, J.  I concur in the affirmance of the order appealed from.

CAMPBELL and MISER, JJ., concur in the result.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.